NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3182-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DARIEN WESTON,

 Defendant-Appellant.

________________________________

 Submitted October 12, 2017 – Decided November 27, 2017

 Before Judges Alvarez and Geiger.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment No. 08-
 01-0209.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Brian P. Keenan, Assistant
 Deputy Public Defender, of counsel and on the
 briefs).

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Brian Uzdavinis,
 Deputy Attorney General, of counsel and on the
 brief).

PER CURIAM
 We vacate the sentence imposed on defendant Darien Weston,

and remand for a new sentence hearing to be conducted pursuant to

State v. Zuber, 227 N.J. 422 (2017). In order to comply with the

mandates of Zuber, the trial judge will also have to more closely

adhere to the mandates of State v. Yarbough, 100 N.J. 627 (1985).

 The horrific details of defendant's murder of the victim, and

the fear and consequences inflicted on eyewitnesses to the crime,

need not be recounted here in detail. Our Supreme Court has

already done so. See State v. Weston, 222 N.J. 280-82 (2015).

For our purposes, it suffices to explain that during a carjacking,

defendant forced the driver into a dumpster and shot him while he

wept. The event, from start to finish, took some ten to fifteen

minutes and was witnessed by bystanders, including children, who

were outside enjoying the summer evening. Defendant committed the

crime when he was seventeen and a half years old, and was waived

to adult court.

 The Court remanded the matter to our court for consideration

of certain issues we did not previously address. Weston, supra,

222 N.J. at 279-80. On remand, we affirmed the convictions on the

issues not previously discussed, but sent the matter back to the

trial judge for resentencing. State v. Weston, No. A-2396-09,

(App. Div. November 9, 2015) (slip op. at 19). We specifically

instructed the court to not only correct an illegal sentence

 2 A-3182-15T3
imposed on a fourth-degree tampering conviction, but also directed

the court to re-examine and explain its decision to impose

consecutive versus concurrent terms.

 We noted that the judge had mistakenly concluded that

kidnapping, one of defendant's offenses, required a consecutive

sentence. Because of that error, we found that the judge should

revisit the Yarbough factors in resolving whether defendant's

sentence should be served consecutively or concurrently. Weston,

supra, No. A-2396-09 (slip op. at 17). Contrary to the trial

judge, we did not agree that as a general proposition that the

victim of a crime who is kidnapped solely to eliminate the

possibility of identification acts with a purpose distinct from

the objective of a killing committed for the same reason.

Additionally, the judge erroneously imposed a five-year prison

term on a fourth-degree crime. Id. at 18.

 Having been sentenced after his second trial to an aggregate

of thirty-five years to be served consecutive to a life term based

on errors of law, defendant was nonetheless again sentenced by the

trial judge on remand to virtually the same terms. Defendant

received a No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, life

sentence on the first-degree murder conviction, N.J.S.A. 2C:11-

3a(1) and (2) (count one), to be served consecutive to a thirty-

year custodial sentence on the first-degree kidnapping, N.J.S.A.

 3 A-3182-15T3
2C:13-1b(1), (2) (count five), also subject to NERA, and a five-

year term of imprisonment imposed on the third-degree terroristic

threats conviction, N.J.S.A. 2C:12-3a (count seven). The judge

merged the first-degree felony murder, N.J.S.A. 2C:11-3a(3) (count

six) and second-degree possession of a weapon for an unlawful

purpose, N.J.S.A. 39-4a (count three). The judge further imposed

five-year terms of imprisonment for the third-degree offenses of

possession of a weapon without a permit, N.J.S.A. 2C:39-5b (count

two), hindering apprehension, N.J.S.A. 2C:29-3b(1) (count nine),

and an eighteen-month term on a fourth-degree tampering with

evidence, N.J.S.A. 2C:28-6(a) (count eight). On the first-degree

carjacking, N.J.S.A. 2C:15-2a(1)-(4) (count four), defendant was

sentenced to a thirty-year term to be served concurrently to counts

1, 2, 5, 7, 8, and 9. Thus, despite the language of our remand,

which directed the judge to more closely consider Yarbough in

relation to the kidnapping and murder, the judge imposed a similar

110-year aggregate sentence, subject to the same NERA eighty-nine

years of parole ineligibility.

 In other words, not calculating credit for time served, this

defendant, who by 2016 was twenty-six years old, would not be

eligible for parole for approximately eighty-nine years. This is,

obviously, effectively a life sentence.

 On appeal, defendant raises the following points:

 4 A-3182-15T3
 POINT ONE

 BECAUSE WESTON WAS SEVENTEEN YEARS OLD AT THE
 TIME OF THE OFFENSE, THE DE FACTO LIFE-
 WITHOUT-PAROLE SENTENCE THAT HE RECEIVED
 VIOLATED THE PROHIBITION AGAINST CRUEL AND
 UNUSUAL PUNISHMENT UNDER BOTH THE STATE AND
 FEDERAL CONSTITUTIONS.

 A. WESTON RECEIVED A DE FACTO LIFE-
 WITHOUT PAROLE SENTENCE BASED ON THE
 STANDARD ESTABLISHED BY THIS COURT IN
 STATE V. ZUBER.

 B. THE IMPOSITION OF A DE FACTO LIFE-
 WITHOUT-PAROLE SENTENCE ON A JUVENILE
 OFFENDER VIOLATES THE PROHIBITION
 AGAINST CRUEL AND UNUSUAL PUNISHMENT
 UNDER THE STATE AND FEDERAL
 CONSTITUTIONS.

 C. WESTON'S DE FACTO LIFE-WITHOUT-PAROLE
 SENTENCE VIOLATES THE EIGHTH AMENDMENT
 BECAUSE THE SENTENCING COURT FAILED TO
 GIVE CONSIDERATION TO THE YOUTH FACTORS
 SET FORTH IN MILLER V. ALABAMA.

 POINT TWO

 THE TRIAL JUDGE ERRED IN IMPOSING CONSECUTIVE
 SENTENCES CONTRARY TO STATE V. YARBOUGH, AND
 THIS COURT'S OPINION REMANDING THIS MATTER FOR
 RESENTENCING.

 We begin and end our consideration of defendant's appeal with

our discussion regarding the impact on defendant's sentence

resulting from Zuber. In Zuber, the trial court sentenced a

juvenile defendant to an aggregate 110 year sentence with 55 years

of parole ineligibility. Supra, 227 N.J. at 428. The sentence

 5 A-3182-15T3
was vacated because the Court followed the dictates of Miller v.

Alabama, 567 U.S. 460, 132 S. Ct. 2455, 183 L. Ed. 2d 407 (2012).

In Miller, two juvenile offenders were subjected to "the practical

equivalent of life without parole[,]" and subjected to "multiple

term-of-years sentences that, in all likelihood, will keep him in

jail for the rest of his life." Zuber, supra, 227 N.J., at 446-

47. In its discussion, the Court noted that life-without-parole

sentences, other than capital sentences, are the most harsh

permitted by law. Id. at 442 (citation omitted). It also observes

that a juvenile will "serve more years and a greater percentage

of his life in prison than an adult offender. A 16-year-old and

a 75-year-old each sentenced to life without parole receive the

same punishment in name only. This reality cannot be ignored."

Ibid. (quoting Graham v. Florida, 560 U.S. 48, 70-71, 130 S. Ct.

2011, 2028, 176 L. Ed. 2d 825, 843 (2010)).

 In addition to that reality, that life without parole is

effectively a far greater sentence when imposed on a juvenile than

an adult, none of the traditional sentencing goals apply to life

without parole for a juvenile. Id. at 442 (citation omitted).

Retribution does not justify it. Deterrence fails as a

justification. Id. at 443. Incapacitation does not justify such

a sentence because it assumes that a juvenile will forever be a

danger to society. Ibid. Rehabilitation is not an appropriate

 6 A-3182-15T3
consideration, because such defendants have no hope of re-entry

into society. Ibid. (citation omitted). The Court's discussion

included not only Graham, regarding punishment in non-homicide

cases, but Miller, applying the restriction to homicide cases.

 Although the court did not "foreclose" a life-without-parole

sentence for juveniles convicted of murder, those same

considerations, known as the Miller factors, must be taken into

account before such a sentence is imposed. Such sentences:

 [1] Preclude[] consideration of [a
 juvenile's] chronological age and its hallmark
 features - among them, immaturity,
 impetuosity, and failure to appreciate risks
 and consequences.

 [2] [] prevent[] taking into account the
 family and home environment that surrounds [a
 juvenile] - and from which he cannot usually
 extricate himself - no matter how brutal or
 dysfunctional.

 [3] [] neglect[] the circumstances of the
 homicide offense, including the extent of his
 participation in the conduct and the way
 familial and peer pressures may have affected
 him.

 [4] [] ignore[] that [the juvenile] might
 have been charged and convicted of a lesser
 offense if not for incompetencies associated
 with youth - for example, his inability to
 deal with police officers or prosecutors
 (including on a plea agreement) or his
 incapacity to assist his own attorneys.

 7 A-3182-15T3
 [5] . . . disregard[] the possibility of
 rehabilitation even when the circumstances
 most suggest it.

 [Id. at 445 (citing Miller, supra, 567 U.S.
 at 477, 132 S. Ct. at 2468, 183 L. Ed. 2d at
 423.)]

 It is noteworthy that the sentences imposed in Zuber were a

minimum of fifty-five years imprisonment for Zuber and sixty-eight

years and three months for the other defendant whose case was

decided that same day. Id. at 448. Those minimums were less than

imposed on this defendant. They were vacated by the Court.

 The theoretical underpinning for Zuber is that to impose a

life-without-parole sentence upon a juvenile conflicts with the

prohibition against cruel and unusual punishment, embodied in the

Eighth Amendment to the United States Constitution. The limits

enunciated in Zuber are intended to keep sentences imposed on

juveniles at least in line with those imposed upon adults.

 In instructing how these guidelines are to be implemented,

our Court combined the familiar Yarbough factors with the Miller

factors. Id. at 449-50. In the Zuber cases, the defendants had

the possibility of release when they were in their seventies and

eighties. Id. at 449. Here, the sentence imposed upon defendant,

realistically, means that he will never be released. Release

would not occur until he was more than 100 years old. Clearly,

the sentence in this case implicates the principles enunciated in

 8 A-3182-15T3
Graham and Miller, and is controlled by Zuber. The trial judge

must reconsider his sentencing calculus.

 As Zuber mandates, the sentencing judge must weigh the Miller

factors. See Zuber, supra, 227 N.J. at 453. He must apply those

factors to determine not only the length of the sentence, but the

question of whether the sentences should be served consecutively.

 Additionally, the trial judge in resentencing this defendant

must take into account any rehabilitative efforts defendant may

have engaged in since his original sentence, and sentence the

person who stands before him at the time of the new sentence

proceeding. Ibid. (citing State v. Randolph, 210 N.J. 330, 354

(2012)).

 Reversed and remanded.

 9 A-3182-15T3